JOURNAL ENTRY AND OPINION
Applicant, David E. Hall, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this court inState v. Hall (Dec. 16, 1999), Cuyahoga App. No. 75386, unreported, which affirmed his plea of guilty to the offense of rape (R.C.2907.02). We deny the application for reopening for the following reason.
In the underlying appeal, the applicant filed his direct appealpro se and subsequently filed his own pro se assignments of error and brief. This court, in State v. Drake, (July 2, 1998), Cuyahoga App. No. 74661, unreported, reopening disallowed (June 24, 1999), Motion No. 4637, held that an applicant who has acted pro se in a direct appeal is prohibited from raising a claim of ineffective assistance of appellate counsel through an application for reopening pursuant to App. R. 26(B).
 App.R. 26(B)(1) provides in part that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Applicant acted pro se in his appeal and therefore is precluded from applying for reopening based upon "a claim of ineffective assistance of appellate counsel." Id., at 2.
 See, also, State v. Thornton (Apr. 15, 1999), Cuyahoga App. No. 76014, unreported, reopening disallowed (March 9, 2000), Motion No. 8113.
Accordingly, the application for reopening is denied.
LEO SPELLACY, J., ANNE L. KILBANE, J., CONCUR.
 ________________________________ JOHN T. PATTON, PRESIDING JUDGE.